# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

*Civil Action No.*

JILL PERRY, an individual,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,

    Defendants.

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, **JILL PERRY**, and files her Complaint and Jury Demand as follows:

## JURISDICTION

1. This action arises under the laws of the United States of America including Article III, Section I of the Constitution and 29 U.S.C. 201 et seq. ("Fair Labor Standards Act"). Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 2201. Jurisdiction supporting Plaintiff's claim for attorney fees is conferred by 29 U.S.C. § 216.

2. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All the events described herein occurred in the State of Colorado and all parties are residents of Colorado.

## PARTIES

3. At all pertinent times, Plaintiff Jill Perry was a citizen of the United States of

America and a resident of the State of Colorado.

4. The City and County of Denver is a municipal home-rule entity created under the laws of the State of Colorado.

**FACTS**

5. Plaintiff Jill Perry has been employed by the City and County of Denver, Department of Human Services as an investigator since September, 2007.

6. Since being employed by the Department of Human Services, Plaintiff Jill Perry has consistently worked 50-70 hours every week in the service of the Department of Human Services.

7. Plaintiff Perry has never been paid overtime for any hours worked over forty hours during a workweek.

8. Plaintiff Perry does not work in a capacity in which she could be considered an "exempt employee" under the Fair Labor Standards Act.

**FIRST CLAIM FOR RELIEF – 29 U.S.C. § 207**

9. Pursuant to 29 U.S.C. § 207, Plaintiff Jill Perry was entitled to, and Defendant City and County of Denver was required to pay, overtime payments equal to at least one and a half times Plaintiff Perry's regular rate of pay for any hours worked over forty during any given work week.

10. Plaintiff Perry, for the last 7 years has worked on average of 10-30 hours over forty hours every workweek.

11. Defendant City and County of Denver has never paid to Plaintiff Jill Perry any amount to compensate Ms. Perry for the hours worked in excess of forty during any workweek.

12. Defendant City and County of Denver is and has historically been aware of its obligation to comply with the mandates of the Federal Labor Standards Act.

13. Defendant City and County of Denver's failure to pay Plaintiff Jill Perry any amount for time spent working in excess of forty hours during a workweek was willful.

14. Defendant City and County of Denver's failure to pay overtime wages to Plaintiff Perry caused Plaintiff Perry significant injuries, damages and losses.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant:

1) Appropriate declaratory and injunctive and/or equitable relief;

2) All economic losses allowed by law;

3) Liquidated damages as allowed by law;

4) Attorney fees and costs associated with this action;

5) Pre and post judgment interest at the lawful rate; and

6) Any other relief allowed by law and/or relief that this Court deems just and proper.

Respectfully submitted this 21st day of January, 2015,

*/s/ Sean T. Olson*
Sean T. Olson
Law Office of Sean T. Olson, LLC
2373 Central Park Blvd., Suite 100
Denver, Colorado 80238
Telephone: 303-586-7297
Facsimile: 303-586-7298
Email: sean@seanolsonlaw.com
*Counsel for Plaintiff*